IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNNY CORRAL MANAGEMENT, LLC, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-08-CV-1104-M |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants Federal Warranty Service Corporation ("FWSC") and American Bankers Insurance Company of America ("ABIC") have filed a motion for judgment on the pleadings in this diversity action involving a fixed-price restaurant equipment repair and maintenance insurance program sold by DineAssured, LLC ("DineAssured").[1] As grounds for their motion, FWSC and ABIC contend that plaintiffs' claims are barred by res judicata or, alternatively, that plaintiffs have failed to state a claim for breach of contract, violations of the Texas Insurance Code, or breach of the duty of good faith and fair dealing. The issues have been fully briefed by the parties and the motion is ripe for determination.

A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial. FED. R. CIV. P. 12(c); *Hebert*

---

[1] Federal diversity jurisdiction is proper because plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

*Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Smith v. Bennett*, No. 3-06-CV-1478-M, 2006 WL 3438672 at *1 (N.D. Tex. Nov. 29, 2006) (Lynn, J.). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Guidry*, 512 F.3d at 180, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The court may look only to the pleadings and must accept all well-pleaded facts as true. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999). "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).

In their complaint, plaintiffs allege that they were fraudulently induced to enter into a Facilities Maintenance Agreement, which ostensibly covered repairs and maintenance to equipment at their Golden Corral restaurants in Texas and other states. (*See* Plf. Orig. Pet. at 9, ¶ 12). The agreement allegedly was backed by various insurance companies, including FWSC and ABIC. (*Id.* at 6, ¶ 15). Although plaintiffs have paid approximately $240,000 in premiums under the agreement, neither DineAssured nor the insurers have compensated any of the vendors who provided equipment maintenance and repair services at the restaurants. (*Id.* at 11, ¶ 29). Plaintiffs now sue FWSC, ABIC, and other insurers for: (1) violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act; (2) breach of contract; (3) breach of the duty of good faith and fair dealing; (4) common law fraud and fraudulent concealment; (5) negligence and gross negligence; (6) conspiracy; and (7) unjust enrichment.

Before filing this action, plaintiffs sued DineAssured and related parties for damages resulting from their failure to pay claims under the Facilities Maintenance Agreement. *Sunny Corral Management, LLC v. DineAssured, LLC*, No. 3-07-CV-2050-L (N.D. Tex.) ("the DineAssured Litigation"). After settling with one defendant, plaintiffs obtained a default judgment against DineAssured and the other defendants. FWSC and ABIC, who were not parties to the DineAssured Litigation, now move to dismiss the instant case on the grounds of res judicata.[2] The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir), *cert. denied*, 125 S.Ct. 808 (2004). In the Fifth Circuit, the test for res judicata has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Here, plaintiffs tacitly concede that the DineAssured Litigation resulted in a final judgment on the merits rendered by a court of competent jurisdiction. The court has little difficulty concluding that both the instant case and the DineAssured Litigation are based on the "same nucleus of operative facts"-- alleged misrepresentations and fraudulent conduct that induced plaintiffs to enter into the Facilities Maintenance Agreement. *See Test Masters*, 428 F.3d at 571

---

[2] Although FWSC and ABIC have not pled res judicata as an affirmative defense, the court is not barred from considering the defense in the context of a Rule 12 motion. *See Clifton v. Warnaco, Inc.*, 53 F.3d 1280 (Table), 1995 WL 295863 at *6 n.13 (5th Cir. Apr. 18, 1995), *citing Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.), *cert. denied*, 113 S.Ct. 71 (1992) (court may dismiss case on res judicata grounds without requiring an answer "when all relevant facts are shown by the court's own records, of which the court takes notice").

(under the "transactional test" adopted by the Fifth Circuit, the critical issue in determining whether two suits involve the same claim or cause of action is whether both cases are based on "the same nucleus of operative facts"). However, the court is unable to determine from the pleadings whether FWSC and ABIC are "in privity" with DineAssured for res judicata purposes. FWSC and ABIC argue that the privity requirement is satisfied because plaintiffs allege that these defendants were principals and co-conspirators of DineAssured. At the same time, FWSC and ABIC deny the existence of any principal-agent relationship or conspiracy. Without suggesting a view of the merits of this argument in another procedural context, such as a motion for summary judgment, the court is unable to decide the contested issue of privity at the pleading stage. *See Rigney v. City of Rowlett*, No. 3-04-CV-0590-H, 2004 WL 1923873 at *2 (N.D. Tex. Aug. 27, 2004) (holding that defense of res judicata should be decided on summary judgment rather than by a Rule 12(c) motion for judgment on the pleadings).

Alternatively, FWSC and ABIC argue that plaintiffs have failed to state a claim for breach of contract, violations of the Texas Insurance Code, or breach of the duty of good faith and fair dealing because those claims are dependent on the existence of an insurance policy and there is no allegation that any such policy was issued in this case. However, in their complaint, plaintiffs specifically allege:

> As the cornerstone of DineAssured's program, DineAssured represented to Plaintiffs that DineAssured and its insurance company partners [FWSC and ABIC] would assume the responsibility and financial risk of maintaining Plaintiffs' restaurant equipment. In other words, insurance policies from [FWSC and ABIC] were "embedded" in DineAssured's program, which were supposed to pay for all maintenance and repairs on all of Plaintiffs' covered equipment. DineAssured made these and other representations as Defendants' agent or ostensible agent with respect to the equipment maintenance

> and repair insurance coverage provided by [FWSC and ABIC], which
> Plaintiffs purchased through DineAssured. Among other things,
> DineAssured solicited Plaintiffs on behalf of [FWSC and ABIC] to
> purchase insurance from these companies, transmitted applications to
> [FWSC and ABIC] and/or their underwriters, and received or
> collected premiums for these insurance products from Plaintiffs.

(Plf. Orig. Pet. at 6, ¶ 15). If plaintiffs can prove that DineAssured, as the authorized agent for FWSC and ABIC, represented that insurance policies were "embedded" in the fixed-price restaurant equipment repair and maintenance insurance program, plaintiffs may be entitled to relief. At this stage of the proceeding, plaintiffs have pled enough facts to show that their claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing are plausible on their face.

## RECOMMENDATION

Defendants' motion for judgment on the pleadings [Doc. #18] should be denied. Their request for oral argument on the motion [Doc. #31] is denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE