IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNNY CORRAL MANAGEMENT, LLC, INDY CORRAL, LLC, and TAG CORRAL, LLC, <br><br>Plaintiffs,<br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, ZURICH WARRANTY SOLUTIONS, INC., FEDERAL WARRANTY SERVICE CORPORATION, Individually, d/b/a Assurant and d/b/a Assurant Solutions, and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Individually, d/b/a Assurant and d/b/a Assurant Solutions,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:08-CV-1104-M-BD |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Relief from Judgment [Docket Entry #112]. For the reasons explained below, Plaintiffs' Motion is **DENIED**.

On May 11, 2010, the Court entered a Final Judgment in this case, dismissing with prejudice all claims and causes of action brought by Plaintiffs against Defendants. Plaintiffs now move for relief from this judgment on the basis of newly discovered evidence.

Federal Rule of Civil Procedure 60(b)(2) provides that a court may relieve a party from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To obtain relief under Rule 60(b)(2), a movant must demonstrate: "(1) that it exercised due diligence in obtaining the

information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."[1]

In their Rule 60(b) motion, Plaintiffs offered, as new evidence, an email from Mark Bucher, a defendant in *Sunny Corral Management, LLC, et al. v. DineAssured, LLC, et al.*, No. 3:07-CV-2050-L. Plaintiffs state that this new evidence was obtained on May 10, 2010, the day before the Court's summary judgment ruling and entry of final judgment, and that this evidence was previously unavailable because it was withheld by Mr. Bucher until such time as he obtained a release from Plaintiffs of Plaintiffs' claims against Bucher and his entities.

Plaintiffs do not explain how they acted with due diligence to obtain this evidence, nor have they shown that this information could not have been obtained prior to responding to Defendants' motion for summary judgment.[2] Moreover, none of the evidence attached to the motion compels a different result on summary judgment.

Plaintiffs' Motion for Relief from Judgment is therefore **DENIED**.

**SO ORDERED.**

June 15, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[1] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir. 2003)).
[2] *Cf. Thermacor Process, L.P. v. BASF Corp.*, 576 F.3d 736 (5th Cir. 2009).